UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMANDA U. AJULUCHUKU | : | |
| | : | |
| v. | : | C.A. No. 04-510T |
| | : | |
| ACCOUNTEMPS OF ROBERT HALF INTERNATIONAL | : | |

**REPORT AND RECOMMENDATION FOR SUMMARY DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Before this Court for Determination is Plaintiff's Application to Proceed In Forma Pauperis ("IFP") (Document No. 2) pursuant to 28 U.S.C. § 1915. On December 6, 2004, Plaintiff Amanda U. Ajuluchuku filed a Complaint against Accountemps of Robert Half International alleging various employment discrimination and personal injury claims, and seeking damages in the amount of one billion dollars. Plaintiff's Complaint was accompanied by an Application to Proceed IFP without being required to prepay costs or fees, including the $150.00 civil case filing fee. After reviewing Plaintiff's Application signed under penalty of perjury, this Court concludes that Plaintiff is unable to pay fees and costs in this matter and thus, Plaintiff's Application to Proceed IFP (Document No. 2) is GRANTED.

Having granted IFP status, this Court is required by statute to further review the Plaintiff's Complaint *sua sponte* under 28 U.S.C. § 1915(e)(2) and to dismiss this suit if it is "frivolous or malicious," or "fails to state a claim on which relief may be granted." For the reasons discussed below, this Court recommends that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE

3

because it is "frivolous" and/or "fails to state a claim on which relief may be granted" pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**Facts**

Plaintiff's Complaint alleges the following: while living in Maryland, Plaintiff was employed with Accountemps Washington, D.C. In 2001, Plaintiff's employment with Accountemps Washington, D.C. was terminated after Plaintiff apparently reported to a work assignment after receiving a supervisor's instructions that the work assignment had ended. Following her termination, Plaintiff asserts that she "went to the State of Virginia to conduct an investigation" but dropped the investigation because her minor son received threats and, because in September of 2001, her son was assaulted by an unidentified "grown man."

In June of 2003, Plaintiff moved to North Dartmouth, Massachusetts to attend graduate school. Plaintiff alleges that she contacted Accountemps Providence for work because it was the closest city with an Accountemps agency, but that Accountemps Providence refused to give her a work assignment. Specifically, in October of 2003, Plaintiff claims that Carmine Larocca, a representative of Accountemps Providence, "intentionally discriminated" against her and refused to assign her because her employment by Accountemps Washington, D.C. had been terminated for allegedly disobeying instructions.

In December of 2003, Plaintiff moved to Boston and contacted both Accountemps Boston and Accountemps Cambridge. She asserts that both agencies were willing to assign her to a job. While in Boston, Plaintiff asserts that she began a relationship with a man who fell "madly in love" with her and, on January 7, 2004, she relocated to the State of Washington for marriage. In February of 2004, Accountemps Boston sent a job description to her via email but she quickly informed them

of her "permanent" change in residency and responded that she had registered with Accountemps Seattle.

Plaintiff alleges that she has a long-standing disability resulting from a childhood head injury and that at least one representative of Accountemps was aware of her disability. Plaintiff alleges that Accountemps has launched discriminatory practices nationwide and that it is liable to her under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq. ("Title VII") and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. ("ADA"). Although not a model of clarity, Plaintiff's Complaint also appears to allege general claims of personal injury, slander and libel.

**Standard of Review**

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). The standard for dismissal of an action taken IFP is identical to the standard for dismissal on a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6). See Fridman v. City of N.Y., 195 F. Supp. 2d 534, 538 (S.D.N.Y. 2002). In other words, the court "should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts." Roma Constr. Co. v. aRusso, 96 F.3d 566, 569 (1st Cir. 1996). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The First Circuit has held that the affirmative defense of the statute of limitations may justify dismissal under Section 1915, see Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991), and other courts have upheld dismissals under Section 1915 because of other affirmative

defenses appearing on the face of a complaint. See e.g., Kimble v. Beckner, 806 F.2d 1256, 1257 (5th Cir. 1986).

**Discussion**

This Court is recommending that Plaintiff's Complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2). In making this recommendation, this Court has taken all of the allegations in Plaintiff's Complaint as true and has drawn all reasonable inferences in her favor. Estelle v. Gamble, 429 U.S. 97 (1976). In addition, this Court has liberally reviewed the Plaintiff's allegations and legal claims since they have been put forth by a *pro se* litigant. See Haines v. Kerner, 404 U.S. 519, 520-521 (1972). However, even applying these liberal standards of review to Plaintiff's Complaint, there are several legal deficiencies apparent from the face of Plaintiff's Complaint which warrant its summary dismissal. These deficiencies are discussed in more detail below.

**A. Failure to Exhaust**

Most federal anti-discrimination laws, including Title VII and the ADA, require exhaustion of administrative remedies as a "condition precedent" to suit in Federal District Court. Jensen v. Frank, 912 F.2d 517, 520 (1st Cir. 1990). In her Complaint, Plaintiff does not allege, either generally or specifically, that she has exhausted her administrative remedies by filing an administrative charge of discrimination with the federal Equal Employment Opportunity Commission ("EEOC") or otherwise met the conditions precedent to filing a discrimination action in Federal District Court.

While the Federal Rules of Civil Procedure require only notice pleading, a Plaintiff is required by Fed. R. Civ. P. 9(c) to at least allege "generally that all conditions precedent" to suit have been performed. Walton v. Nalco Chem. Co., 272 F.3d 13, 21 (1st Cir. 2001). Plaintiff has failed to do so. In fact, Plaintiff's Complaint erroneously asserts that "a disabled person does not require

the right to sue" under the "employment clause" (Title I) of the ADA. See Brennan v. King, 139 F.3d 258, 268 (1st Cir. 1998) (claims under Title I of the ADA "are subject to the exhaustion doctrine, which requires a claimant to pursue administrative remedies before filing suit").

**B. Statute of Limitations – ADA / Title VII**

As noted in Section A above, Plaintiff has not sufficiently pled exhaustion of administrative remedies and, in fact, erroneously alleges that exhaustion is not required under the ADA. In addition to these deficiencies, Plaintiff's Complaint also raises timeliness defenses on its face.

Under Title VII and the ADA, an administrative charge of discrimination must be filed, at the latest, within 300 days of the alleged discrimination. See 42 U.S.C. §§ 2000e-5(e)(1) and 12117(a). If Plaintiff filed a timely charge and exhausted her administrative remedies, she would have received a notice of right to sue from the EEOC giving her ninety days from the receipt of that notice to file a lawsuit in court. See 29 C.F.R. § 1601.28(e)(1).

In this case, Plaintiff alleges that she was terminated by Accountemps Washington, D.C. sometime prior to September of 2001. She filed her Complaint in this Court on December 6, 2004 which is more than three years after her termination and well beyond the 300-day filing deadline applicable under Title VII and the ADA. Therefore, the statute of limitations has expired on any claim she may have had against Accountemps Washington D.C.

Plaintiff alleges that Accountemps Providence discriminatorily refused to give her job assignments in October of 2003, and that she was notified of this fact at that time by its representative, Mr. Larocca. Again, this alleged "intentional" discrimination took place over one year prior to Plaintiff filing her Complaint and thus outside of the 300-day filing period.

Plaintiff also alleges that she contacted Accountemps Boston and Accountemps Cambridge in December of 2003 when she moved to Boston. However, she alleges that both of these agencies "were willing to assign me to a job" and one of them actually emailed a job description to her in February of 2004. Plaintiff does not allege any discriminatory conduct by either of these agencies.

Finally, Title VII prohibits employment discrimination because of an individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Although Plaintiff's gender could be inferred from her first name "Amanda," her Complaint does not specifically identify her gender and does not identify her as belonging to any other class of plaintiffs protected by Title VII. Also, her Complaint does not allege discrimination because of any of the characteristics protected by Title VII. Thus, her Complaint on its face fails to state a cause of action under Title VII.

Thus, from the face of Plaintiff's Complaint, it is clear that her claims of discrimination under Title VII and the ADA are untimely and/or fail to state a claim.

**C. Defamation**

Plaintiff's Complaint also alleges slander and libel without any specificity whatsoever as to the alleged oral (slanderous) or written (libelous) statements. Plaintiff's Civil Cover Sheet also lists the "Slander and Libel Act RSO 1990" in Box VI which asks her to identify the U.S. civil statutes under which she is suing. This Court is not familiar with this Act as a U.S. civil statute and has found no reference to it in the United States Code.[1]

---

[1] This Court is aware of a Canadian statute from the Province of Ontario, entitled the "Slander and Libel Act, R.S.O. 1990, c.L.12. Ms. Ajuluchuku has not provided the Court with any indication if she is in fact referring to this Canadian statute, and this Court cannot surmise why the law of a foreign country would have any application to the present dispute.

Although Plaintiff's Complaint outlines certain oral statements made by representatives of Accountemps mainly during telephone conversations, it absolutely fails to plead any facts from which a reasonable inference of the existence of any written statements libelous of Plaintiff being published by Defendant or any of its representatives. Thus, this Court finds that Plaintiff's Complaint fails to state a libel claim. As to slander, both Rhode Island law and District of Columbia law require that suit on an allegedly slanderous statement must be brought within one year. See R.I. Gen. Laws § 9-1-14(a) and D.C. Code Ann. § 12-301(4) (1981). Since Plaintiff's Complaint fails to allege any arguably slanderous communications occurring after October of 2003, her state law tort claims of slander are untimely under applicable state law. Finally, Plaintiff's Complaint fails to set forth the substance of the alleged slanderous statements as required. Alves v. Hometown Newspapers, Inc., No. 2001-1030, 2002 WL 475282, * 7 (R.I. Super. Mar. 14, 2002) (holding that notice pleading standards are inapplicable to defamation claims, and a complaint alleging libel or slander "must set forth the substance of the defamation") (citations omitted).

**D. Personal Injury**

Plaintiff also generally alleges "personal injury" and informs the Court that "since the torts did occur, you must concur." Unfortunately, this Court does not concur. Plaintiff's Complaint simply does not sufficiently allege any actionable personal injury claims.

Plaintiff alleges that she was terminated by Accountemps Washington, D.C. prior to September of 2001. She does not allege any subsequent contact with representatives of that agency. The applicable law in the District of Columbia requires that general personal injury actions be brought within three years. D.C. Code Ann. § 12-301(8) (1981); See also Alley v. Dodge Hotel, 501

F.2d 880, 881 fn.3 (D.C. Cir. 1974). Thus, any claim of personal injury related to that agency or its representatives is time barred. Furthermore, any claims for personal injury arising out of an employment relationship would be exclusively subject to resolution under the applicable state's workers' compensation statute. See R.I. Gen. Laws § 28-29-20; D.C. Code Ann. § 32-1504 (1981).

As to Accountemps Providence, Plaintiff does not allege any face-to-face contact with anyone from that agency. Although she alleges that Mr. Larocca violated Title VII and the ADA when he informed her that his agency would not provide her with any work assignments, Plaintiff also alleges that she has "never met Carmine Larocca."

Finally, Plaintiff's Complaint alleges that she suffered "emotional distress" in connection with the alleged violations of Title VII and the ADA. Even if this Court were to liberally construe Plaintiff's Complaint to allege state law claims of negligent or intentional infliction of emotional distress, those claims would be insufficient under 28 U.S.C. § 1915(e)(2). Any such claims related to conduct occurring prior to September of 2001 in connection with the termination of Plaintiff's employment by Accountemps Washington, D.C. are time-barred by the District of Columbia's three-year statute of limitations. See D.C. Code Ann. § 12-301(8) (1981).

Moreover, under Rhode Island law, claims for negligent infliction of emotional distress are limited "to cases of bystander liability." Liu v. Striuli, 36 F. Supp. 2d 452, 480 (D.R.I. 1999). Plaintiff's Complaint fails to allege negligent infliction or any facts which would even arguably support such a claim under Rhode Island law. Marchetti v. Parsons, 638 A.2d 1047, 1052 (R.I. 1994). Plaintiff's Complaint also does not allege intentional infliction or any facts which would

even arguably meet the "extreme and outrageous" standard under Rhode Island law. Adams v. Town of Burrillville, 249 F. Supp. 2d 151, 156 (D.R.I. 2003).

Even drawing all reasonable inferences in Plaintiff's favor, this Court cannot cull an actionable personal injury claim from Plaintiff's Complaint.

**Conclusion**

For the reasons stated, Plaintiff's Motion to Proceed In Forma Pauperis (Document No. 2) is GRANTED.

In addition, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), this Court further recommends that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE to Plaintiff's right to file a new complaint in this or another appropriate state or federal court which satisfies the requirements of 28 U.S.C. § 1915(e)(2). Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
December 21, 2004